## CHARLES GRINNELL, Appellant, &c. *versus* ALBERT G. BAXTER.

*After a mortgage was given in the usual form to secure the payment of a sum of money, the mortgager, having received an additional sum of the mortgagee, gave him an unattested note therefor, and at the same time signed an indorsement on the mortgage deed, whereby he acknowledged the receipt of such sum, and promised to pay it, " on the same conditions as the within, as per note of hand of this date." The indorsement was attested by a witness. It was* held, *that the indorsement was a duplicate note, and that the mortgagee might maintain an action on it, although the unattested note was barred by the statute of limitations.*

APPEAL from a decree of the judge of probate for the county of Bristol.

The parties stated a case. The appellant and the appellee were heirs of William F. Grinnell, who died on July 21, 1822. The appellant, who was a brother of the intestate, was appointed administrator of his estate.

At a Court of Probate, held on November 8, 1833, a decree was passed, disallowing the following notes which were made by the intestate, and constituted a part of the appellant's private claim against him, to wit, a note dated February 21, 1816, for the sum of $11·75 with interest, and a note dated May 24, 1816, for $20·50 with interest. These claims were disallowed, on the ground that they were barred by the statute of limitations. From this decree the appellant appealed.

The notes were payable to the appellant on demand, and were not attested by any witness.

By a deed dated August 10, 1815, the intestate mortgaged his interest in certain real estate, to the appellant, to secure the payment of the sum of $148·53, with interest, on demand,

t being provided by the deed, that upon the payment of such sum, the deed, and also a note given by the intestate to the appellant for that sum and interest, should be void. On the deed were the following indorsements, among others : " February 21. Received of Charles Grinnell 11 dollars 75 cents, I promise to pay on the same conditions as the within, as per note of hand of this date ;" " May 24, 1816. Received of Charles Grinnell twenty dollars fifty cents, being money paid to me by G. & S. Jenney, Boston, by the order of C. Grinnell, to fit me for sea, I promise to pay on the within conditions." These indorsements were signed by the intestate, and attested by Moses Grinnell.

If upon these facts it should appear to the Court, that the recovery of the demands so disallowed by the judge of probate, was barred by the statute of limitations, or that the appellant could not avail himself of them, upon the settlement of his administration account, the decree of the judge of probate was to be affirmed ; otherwise the Court were to allow he whole or any part of the claims of the appellant, and make such decree thereon, as should be conformable to law.

*Spooner* and *Warren*, for the appellant.

*Eddy* and *Hathaway*, for the appellee.

SHAW C. J. delivered the opinion of the Court. This case is similar to the foregoing, with one exception. In two instances the administrator had advanced and lent to the intestate, his brother, small sums, and taken his promissory notes, one for $11·75, the other for $20·50. The notes were not attested, and standing alone would be barred by the statute of limitations. But at the time the notes were given, memoranda were made on the mortgage deed held by the administrator, to this effect. " Received of Charles Grinnell $11·75, I promise to pay o : the same conditions as the within, as per note of hand of this date." The other was like it, being an acknowledgment of the receipt of $20.50, and a promise to pay it. Both these were attested. The Court are of opinion, that these were in effect duplicate notes, upon which an action could be maintained. Being given at the same time for the same debts, the payment of one would be a discharge of both. In such case the holder might sue on either. If so, these

*Oct.* 22*d.*

*Oct.* 23*a.*

memoranda, being attested, seem taken out of the operation
of the statute of limitations, by an exception in the statute
itself.  *St.* 1786, *c.* 52, § 5.  The terms of the statute are
" any note, in writing, made and signed by any person, and
attested by one or more witnesses, whereby such person shall
promise to pay to any other person any sum of money, men-
tioned in such note."  These are notes in writing within this
description.  The Court are therefore of opinion, that these
two claims should have been allowed ; that in this respect the
decree must be reversed, and the claims allowed ; and in all
other respects the decree is affirmed.